UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOVERNMENT ACCOUNTABILITY & OVERSIGHT )<br>1309 Coffeen Avenue )<br>Suite 3556 )<br>Sheridan, WY 82801 )<br>   )<br>   Plaintiff, )<br>v. )<br>   )<br>SECURITIES AND EXCHANGE COMMISSION )<br>100 F Street NE )<br>Washington D.C. 20549-2736 )<br>   )<br>   Defendant. ) | Case No. 23-cv-3449 |

# COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT

Plaintiff GOVERNMENT ACCOUNTABILITY & OVERSIGHT ("GAO") for its complaint against Defendant U.S. SECURITIES AND EXCHANGE COMMISSION ("SEC"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. for declaratory, injunctive, and other relief, seeking immediate processing and release of agency records responsive to three FOIA requests submitted by Plaintiff.

2. This action is filed following the SEC's failure to comply with the express terms of FOIA, including but not limited to its failure to provide any substantive response to the requests at issue, also despite repeated requests by Plaintiff for a response.

3. The SEC's failure to comply with FOIA also includes the agency's failure to, e.g., fulfill its obligation to make a "determination" as that term is defined in *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 816 (D.C. Cir. 2013), its failure to respond to Plaintiff's request, and its constructive or actual

withholding of responsive information and/or documents in violation of Defendant's obligations.

**PARTIES**

4. Plaintiff Government Accountability & Oversight ("GAO") is a nonprofit research, public policy and public interest litigation center organized under the laws of Wyoming. GAO is dedicated to education regarding responsible regulation and transparency in government, a key part of which is seeking public records illuminating how policymakers use public resources, and with whom.

5. Plaintiff's core mission includes obtaining records under the federal Freedom of Information Act and using such records to fulfill its educational and research purposes. It therefore frequently files requests under the Freedom of Information Act, including numerous requests which are pending before SEC. It intends to file more such FOIA requests in the future.

6. Defendant Securities and Exchange Commission ("SEC") is an independent federal agency located in Washington, DC. The stated "mission of the SEC is to protect investors; maintain fair, orderly, and efficient markets; and facilitate capital formation."

7. SEC is an agency that routinely exceeds statutory timeframes in issuing "determinations" within the meaning of the FOIA. The agency requires Plaintiff and others to file suit in this Court before the agency will comply with its FOIA obligations. Indeed, undersigned counsel alone has been forced to file fifteen cases in this Court in which this Court's jurisdiction was premised upon SEC's failure to issue timely and lawful "determinations" in matters involving, so far, three separate nonprofit FOIA requesters.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

9. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

10. Plaintiff is not required to further pursue administrative remedies before seeking relief in this Court because Defendant neither produced records nor made a timely "determination" as that term is defined in *Citizens for Responsibility & Ethics in Wash. v. Federal Election Commission*, 711 F.3d 180, 188 (D.C. Cir. 2013). See also, e.g., *Citizens for Responsibility & Ethics in Wash. v. U.S. Dept. of Justice*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020) (citing various other cases and holding that the statutory text of FOIA relieves similarly situated plaintiffs of any exhaustion requirement).

**GOVERNMENT ACCOUNTABILITY & OVERSIGHT'S FOIA REQUESTS**

**September 29, 2023 requests — 24-00290-FOIA, 24-00291-FOIA**

11. On September 29, 2023, Plaintiff submitted by email a two-part request to Defendant seeking copies of certain described email correspondence involving, respectively, six and one SEC officials which, again respectively, includes or is sent to or from certain named individuals, or two named email domains, over the two specified periods of time.

12. SEC did not acknowledge the request or assign it a tracking number.

13. Having received no acknowledgement, Plaintiff emailed Defendant on October 30, 2023, by replying to all parties to Plaintiff's own September 29, 2023 submission email, changing nothing about any recipient email address, but reconfirming submission on that date.

14. On October 31, 2023, Defendant acknowledged the request's part "1", assigning it request number 24-00290-FOIA, also properly acknowledging the date on the request as September 29, 2023, specifically its item number 1, but claiming the agency received the request on October 30,

2023, i.e., by the email from Plaintiff replying to all parties to the original submission email and noting the SEC's failure to acknowledge the request.

15. On October 31, 2023, Defendant acknowledged the request's part "2", assigning it request number 24-00291-FOIA, properly acknowledging the date on the request as September 29, 2023 and also claiming the agency received that request's item number 2 on October 30, , i.e., by the email from Plaintiff replying to all parties to the original submission email and noting the SEC's failure to acknowledge the request.

16. Then, on October 31, 2023, Defendant added to this confused position by sending a new acknowledgement of the request's part "1", still assigning it request number 24-0290, but changing the date on the request itself, from the previously acknowledged and actual date of September 29, 2023, to claiming it was dated October 29, 2023, and again claiming the agency received the request on October 30, 2023 only when reminded of its failure to acknowledge, by an email to the same address and on the same "thread" as the original submission.

17. The SEC has not provided the required determination regarding the records responsive to the request either for the request as submitted, or separately for the bifurcated part 1 of the request which Defendant assigned the tracking number 24-00290-FOIA, or for the bifurcated part 2 of the request which Defendant assigned the tracking number 24-00291-FOIA.

18. On November 1, 2023, Plaintiff filed suit on this request(s) including the relevant record of the above-described correspondence as exhibits, in 1:23-cv-03268 (RC), and its First Amended Complaint on November 13, 3023.[1]

---

[1] In its Complaint and First Amended Complaint, Plaintiff acknowledged *Eddington v. United States*, DOD, 457 U.S. App. D.C. 37, 39, 35 F.4th 833, 835 (2022) as an arguable defense which SEC might invoke. This Complaint is filed protectively in the event that the Court determines that the initial suit is barred by *Eddington*.

19. Plaintiff adds these requests to this suit prophylactically given Defendant's insistence that it received these requests on October 30, 2023, without in any way conceding those claims. Plaintiff is filing a notice of related cases contemporaneously with the filing of this action.

### October 10, 2023 request — 24-00157-FOIA

20. On October 10, 2023, Plaintiff submitted by email a request to Defendant seeking copies of certain described email correspondence involving five SEC officials which includes a particular keyword or a described @SEC.gov email address, over a specified period of time.

21. Plaintiff requested fee waiver or reduction on the alterative bases of public interest and its status as a media requester.

22. Exhibit A is a true and correct copy of that request.

23. Exhibit B is a true and correct copy of Plaintiff's Tuesday October 10, 2023 email submitting Plaintiff's October 10, 2023 request and its time stamp at 12:20 pm Eastern.

24. Having received no acknowledgement, Plaintiff emailed Defendant on Friday October 13, 2023, by replying to all parties to Plaintiff's own October 10, 2023 submission email, as a means of reconfirming the submission on that date.

25. Exhibit C attached is a true and correct copy of Plaintiff's October 13, 2023 email replying to all parties to Plaintiff's own October 10, 2023 submission email, reaffirming the original submission of, and reattaching, the as yet unacknowledged October 10, 2023 request, as a means of reconfirming the submission at 12:20 pm Eastern on October 10, 2023.

26. On October 13, 2023, Defendant acknowledged the request, assigning it request number 24-0157, but claiming it received the request on October 13, 2023 when Plaintiff informed Defendant it had yet to acknowledge the Tuesday, October 10, 2023, 12:20 pm request by an email to the same address and on the same "thread" as the original submission..

27. SEC did not address the requests in the alternative for fee waiver at that time, nor has SEC addressed Plaintiff's request for a fee waiver since.

28. On October 19, 2023 Defendant wrote stating its understanding of Plaintiff's request.

29. On October 20, 2023, Plaintiff affirmed the scope of its request, also providing Defendant an image of certain SEC correspondence to further identify the covered @SEC.gov email address for purposes of facilitating an expeditious and accurate search for records on the agency's part.

30. The SEC has not provided the required determination regarding the records responsive to the request, or a determination on Plaintiff's requests in the alterative for fee waiver on the bases of public interest or its status as a media requester.

31. The FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

32. 5 U.S.C. § 552(a)(6)(A) prescribes that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, 5 U.S.C. § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. 5 U.S.C. § 52(a)(6)(A)(ii) (II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.

33. Defendant SEC, whose period for responding to this request—if it was tolled by the exchange described above, which Plaintiff does not concede—was tolled by one day, owed Plaintiff a "*CREW*" response to its request, including a "determination" as that term is defined in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013), by November 14, 2023.

34. However, the SEC has provided no substantive response or "determination" with respect to the request, or Plaintiff's requests in the alternative for fee waiver for the October 10, 2023 request, or any substantive response to the September 29, 2023 request(s) described herein, as that term is defined in the Freedom of Information Act and as the D.C. Circuit explained was the obligation of every agency in *CREW v. Federal Election Commission*, 711 F.3d 180, 188.

35. Plaintiff acknowledges *Eddington v. United States DOD*, 457 U.S. App. D.C. 37, 39, 35 F.4th 833, 835 (2022), in which the D.C. Circuit held that an agency which had not received an emailed FOIA request and had conducted a thorough search for such an emailed FOIA request could prevail against a FOIA requester who could prove transmittal, but not receipt, of a FOIA request via electronic means. Plaintiff respectfully submits that this case is distinguishable from *Eddington* based on the fact that Plaintiff's email "chain" which SEC eventually acknowledged receiving was all transmitted to the same SEC address, by the same email address, with Plaintiff's follow-up emails sent as "replies" to previous emails, such that the agency cannot plausibly claim it did not receive the initial emailed request if it then received follow up emails in the same chain of emails.

36. SEC is now past its statutory period for issuing a lawful determination on the above-described FOIA request, and the statutory time period has elapsed without SEC providing any substantive response to Plaintiff's request in violation of its obligations under FOIA.

37. The SEC has demonstrated that its pattern and practice, far beyond the requests described herein or requests from the Plaintiff in the instant matter, is to delay responding to FOIA requests, and is one of habitual failure to provide timely determinations to the requests filed by the Plaintiff and others until sued (a part of this practice which is a failure to adequately or accurately acknowledge receipt of Plaintiff's requests). Plaintiff seeks relief for this unlawful pattern and practice pursuant to *Judicial Watch, Inc. v. United States Dep't of Homeland Sec.*, 437 U.S. App. D.C. 128, 895 F.3d 770 (2018).

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

38. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

39. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

40. Plaintiff has a statutory right to the information it seeks in each of its requests at issue herein, and Defendant has unlawfully withheld the information.

41. Plaintiff has a right to seek relief against the SEC's unlawful pattern and practice of delays in fulfilling FOIA requests, to include its unlawful and repeated failure to issue timely determinations relating to FOIA requests and SEC's recent trend towards re-dating the requests that Plaintiff sends in order to delay or thwart judicial review.

42. Plaintiff is not required to further pursue administrative remedies.

43. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff is entitled to records responsive to its FOIA requests described above, and any attachments thereto, but Defendant has failed to provide the records;

    b. SEC's processing of Plaintiff's FOIA requests described above is not in accordance with the law, and does not satisfy SEC's obligations under FOIA;

    c. SEC must now produce records responsive to Plaintiff's requests, and must do so without cost to the Plaintiff.

    d. SEC must issue timely acknowledgements and determinations with respect to Plaintiff's future FOIA requests.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

44. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

45. Plaintiff is entitled to injunctive relief compelling Defendant to produce the records responsive to the FOIA requests described herein.

46. Plaintiff is entitled to injunctive relief compelling SEC to refrain from re-dating its FOIA requests in the future and compelling SEC to promptly acknowledge such future FOIA requests and issue lawful "determinations" within the meaning of the FOIA for each request within statutory timeframes.

47. Plaintiff asks the Court to enter an injunction ordering Defendant to produce to Plaintiff, within 20 business days of the date of the order, the requested records sought in Plaintiff's FOIA requests described above, and any attachments thereto, at no cost to the Plaintiff.

48. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiff receives the last of the produced

documents, addressing Defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to SEC's withholdings, if any, and any other remaining issues.

### THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

49. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

50. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

51. This Court should enter an injunction or other appropriate order requiring the Defendant to pay reasonable attorney's fees and other litigation costs reasonably incurred in this case.

### PRAYER FOR RELIEF

Government Accountability & Oversight respectfully requests this Court:

1. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

2. Declare Defendant has violated FOIA by failing to provide Plaintiff with the requested records, and/or by failing to notify Plaintiff of final determination within the statutory time limit;

3. Declare Defendant has a pattern and practice of routinely delaying its response to FOIA requests as described herein;

4. Declare that the documents sought by the requests, as described in the foregoing paragraphs, are public records under 5 U.S.C. § 552 *et seq*. and must be disclosed;

5. Order Defendant to expeditiously provide the requested records to Plaintiff within 20 business days of the Court's order and without cost to the Plaintiff;

6. Order Defendant to promptly provide lawful determinations within statutory timeframes for all of Plaintiff's FOIA requests going forward;

7. Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

8. Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 16th day of November 2023,

                                       GOVERNMENT ACCOUNTABILITY & OVERSIGHT
                                       By Counsel:

                                       /s/Matthew D. Hardin
                                       Matthew D. Hardin, D.C. Bar No. 1032711
                                       Hardin Law Office
                                       1725 I Street NW, Suite 300
                                       Washington, DC 20006
                                       Phone: (202) 802-1948
                                       Email: MatthewDHardin@protonmail.com